IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL HOWARD HUNTER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05-3557-CV-S-RED |
| DOCTOR DYSART, et al | ) |
| Defendants. | ) |

### ORDER

Now pending before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 1-2) with accompanying Complaint, and Plaintiff's Affidavit in Support of Proceeding *In Forma Pauperis.* (Doc. 1-2) Plaintiff seeks to bring a *Bivens*[1] action against defendants for violations of his Sixth Amendment and Fifth Amendment rights. Upon due consideration of the financial information provided in Plaintiff's affidavit the Court finds that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 1-2) is **GRANTED** pursuant to 28 U.S.C. § 1915(a)(1) for the limited purpose that the Court may consider the merits of the action. After having considered Plaintiff's Complaint, the Court finds that this action is due to be **DISMISSED without prejudice** because the Complaint fails to state a claim upon which relief can granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under 28 U.S.C. § 1915(a)(1), a pro-se plaintiff may request that the court authorize the commencement of an action without requiring the plaintiff to pay any fees, costs, or security.

---

[1] *Bivens v. Six Unknown Agents,* 403 U.S. 388 (1971). A *Bivens* action is "almost identical to an action under [42 U.S.C.] section 1983, except that the former is maintained against federal officers, while the latter is against state officials." *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990).

However, the opportunity to proceed *in forma pauperis* is not a right, but a privilege. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). Accordingly, leave to proceed *in forma pauperis* is generally denied unless the applicant satisfies two separate requirements. *See id.* First, the applicant must be sufficiently impoverished so as to qualify by "economic status" pursuant to 28 U.S.C. § 1915(a). If the applicant qualifies by economic status, the court then determines whether the applicant's complaint is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i) (2000), fails to state a claim upon which relief may be granted, *id.* § 1915(e)(2)(B)(ii), or seeks monetary relief against a party immune from such damages, *id.* § 1915(e)(2)(B)(iii), and if so, dismisses the complaint.

Under Local Rule 83.7(a)(3), the proper standard for determining poverty is whether the applicant would be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. The court is afforded sound discretion when determining whether a plaintiff is sufficiently impoverished. *See Cross v. Gen. Motors Corp.,* 721 F.2d 1152, 1157 (8th Cir. 1983).

Here, Plaintiff indicates that he has no money in any banking account and owns no property. He also claims that he is unemployed, although he did receive some money within the past year from working for a temporary employment agency. He further claims that he has expenses that exceed $26,000. His only source of regular income appears to be social security in the amount of $570.00 a month. Accordingly, the Court finds that if Plaintiff were required to pay costs, he would have to give up the basic necessities of life as defined in the Code and Local Rule 83.7. Therefore, Plaintiff's application to proceed *in forma pauperis* is **GRANTED.**

However, demonstrating poverty does not end the inquiry. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss an action at any time if the action is frivolous, malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is held to be frivolous if "it lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). "An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Taylor v. United States*, No. 4:97CV2305, 1997 WL 1008226, at *1 (E.D. Mo. Dec. 18, 1997) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978)). When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2)(B), the Court must give the complaint liberal construction and must weigh all well-pleaded factual allegations in favor of the plaintiff. *Martin-Trigona v. Stewart*, 691 F.2d 856, 858 (8th Cir. 1982); *J.J. Jones Co. v. Reagan*, No. 87-0167-CV-W-9, 1987 WL 10266, at *1 (W.D. Mo. Apr. 14, 1987).

In this case, Plaintiff has filed suit pursuant to *Bivens* against five defendants: Doctor Dysart, Leon Horton, Ruth Westrick, Dan Foster, and United States Parole Examiner. He is seeking compensatory damages in the amount of two million dollars and punitive damages in the amount of five hundred thousand dollars. He further requests a jury trial and the appointment of counsel, a declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202; and reasonable fees and costs under 42 U.S.C. § 1988.

Essentially, Plaintiff's claims can be broken down into two distinct charges: 1) that Plaintiff has recently discovered evidence leading him to believe that he was denied his Fifth and Sixth Amendment rights at a probation revocation hearing; and 2) that Plaintiff was unlawfully committed pursuant to 18 U.S.C. § 4244 and that such commitment was illegally enlarged by four Bureau of

-3-

Prison employees.

The following facts are recounted to the extent possible from both Plaintiff's Complaint and Affidavit. Plaintiff first alleges that in 1989, Defendant United States Parole Examiner "held Plaintiff . . . to have violated the conditions of federal parole solely based on false information tendered in retaliation" of a previous lawsuit filed by the Plaintiff against the United States Parole Commission. Plaintiff argues that false charges that he threatened to assault four federal judges and "a president" were used against him in this hearing. However, Plaintiff claims that because he was in custody, he was only recently able to acquire tapes that show that the "parole decision" was invalid. According to Plaintiff, these tapes show that he was deprived of his Fifth and Sixth Amendment rights at this proceeding in that he was not told how much time the charges carried; that the nature of the charges were not discussed with him; that he was not warned of the dangers of proceeding pro se; and that he did not waive his right to counsel.

Although Plaintiff's Complaint and Affidavit are difficult to follow, it appears to the Court that Plaintiff is essentially challenging a probation revocation hearing. Having recently discovered evidence that leads him to believe this revocation hearing was unconstitutional, Plaintiff now seeks monetary damages. However, this argument is without merit because a judgment in Plaintiff's favor in this case would necessarily imply the invalidity of the probation revocation hearing. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that an individual seeking damages for an unconstitutional conviction under 42 U.S.C. § 1983 must show conviction has been invalidated or otherwise set aside.) Under *Heck*, the role of the District Court is to determine only if Plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, should the action be allowed to proceed. *Id.* at 487. Although *Heck* addressed

-4-

Case 6:05-cv-03557-RED   Document 2   Filed 02/02/06   Page 4 of 7

Prison employees.

The following facts are recounted to the extent possible from both Plaintiff's Complaint and Affidavit. Plaintiff first alleges that in 1989, Defendant United States Parole Examiner "held Plaintiff . . . to have violated the conditions of federal parole solely based on false information tendered in retaliation" of a previous lawsuit filed by the Plaintiff against the United States Parole Commission. Plaintiff argues that false charges that he threatened to assault four federal judges and "a president" were used against him in this hearing. However, Plaintiff claims that because he was in custody, he was only recently able to acquire tapes that show that the "parole decision" was invalid. According to Plaintiff, these tapes show that he was deprived of his Fifth and Sixth Amendment rights at this proceeding in that he was not told how much time the charges carried; that the nature of the charges were not discussed with him; that he was not warned of the dangers of proceeding pro se; and that he did not waive his right to counsel.

Although Plaintiff's Complaint and Affidavit are difficult to follow, it appears to the Court that Plaintiff is essentially challenging a probation revocation hearing. Having recently discovered evidence that leads him to believe this revocation hearing was unconstitutional, Plaintiff now seeks monetary damages. However, this argument is without merit because a judgment in Plaintiff's favor in this case would necessarily imply the invalidity of the probation revocation hearing. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that an individual seeking damages for an unconstitutional conviction under 42 U.S.C. § 1983 must show conviction has been invalidated or otherwise set aside.) Under *Heck*, the role of the District Court is to determine only if Plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, should the action be allowed to proceed. *Id.* at 487. Although *Heck* addressed

an action brought under 42 U.S.C. § 1983, the Court's rationale did not rest on any consideration unique to § 1983, and *Bivens* is "the federal law analogous to § 1983." *Vennes v. An Unknown Number of Unidentified Agents*, 26 F.3d 1448, 1452 (8th Cir. 1994). In addition, the Eighth Circuit has held that the holding of *Heck* applies to a *Bivens* action. *Washington v. Sorrows*, No. 96-4236, 1997 WL 71760 (8th Cir. Feb. 21, 1997).

In this case, at no point did Plaintiff claim that the results of the revocation hearing had been invalidated or otherwise set aside. *Heck,* 512 U.S. at 187. Therefore, if the Court were to allow Plaintiff's *Bivens* action to proceed, it would work to invalidate the outcome of Plaintiff's probation revocation hearing. This is the exact outcome *Heck* prohibits. Accordingly, with respect to the outcome of the revocation hearing, the Court is of the opinion that Plaintiff has failed to state a claim under which relief could be granted pursuant to *Bivens* and 28 U.S.C. § 1915(e)(2)(B)(ii) and this claim is, therefore, due to be **DISMISSED without prejudice.**

Plaintiff's second argument is that he was erroneously committed pursuant to 18 U.S.C. § 4244 based on the findings of a Bureau of Prisons Doctor "Butts" who neither examined nor spoke with Plaintiff and "knew plaintiff was not in need of treatment in a suitable facility." Plaintiff further alleges that while he was committed pursuant to this provision, Defendant "Doctor Dysart" had determined that Plaintiff did not require treatment under § 4244 and was set to discharge him. According to Plaintiff, Doctor Dysart, upon learning of a lawsuit Plaintiff had filed against his colleague, Clayton Pettipiece, retaliated against Plaintiff by changing his decision that Plaintiff should be discharged. Defendant Leon Horton then proceeded to cover up Doctor Dysart's decision by falsifying a document reducing Plaintiff's security level from maximum custody to lower custody, which resulted in Plaintiff being transferred from a Federal Medical Center in Missouri to

a Federal Medical Center in Minnesota. While in the Minnesota facility, Plaintiff claims Defendants Ruth Westrick and Dan Foster conspired to detain Plaintiff nine months longer in custody solely because "Plaintiff sued federal prison doctors."

Again, the Court is of the Opinion that to the extent Plaintiff is attempting to challenge the lawfulness or execution of his commitment, the *Heck* case would appear to be controlling. *See Heck*, 512 U.S. at 486 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the Plaintiff to prove the unlawfulness of his conviction or confinement.") Plaintiff has not stated that his original commitment under 18 U.S.C. § 4244 has been vacated or otherwise set aside. Moreover, Plaintiff has not proven that the execution of his sentence–in the sense that Plaintiff alleges the Defendants transferred him and detained him longer than necessary– was unlawful. Therefore, to allow Plaintiff relief under *Bivens* would serve to collaterally attack the confinement, which the Court cannot do. *See Heck,* 512 U.S. at 486-87. Plaintiff's second claim must therefore be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Therefore, for all the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 1) and Affidavit of Financial Status requesting that Plaintiff be permitted to proceed *in forma pauperis* is hereby **GRANTED.** The Clerk is directed to receive and file Plaintiff's Complaint without prepayment of the required filing fee.

2. Plaintiff's Complaint is **DISMISSED without prejudice.**

3. The Clerk of the Court shall mail a copy of this Order, via first class mail, postage prepaid to the following address:

Michael Howard Hunter
1509 45th Street S E
Everett, WA 98203

**IT IS SO ORDERED.**

DATE: February 2, 2006     　_/s/ Richard E. Dorr_
　　　　　　　　　　　　　　RICHARD E. DORR, JUDGE
　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT